IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD REED,

        Petitioner,                No. 2:12-cv-00827 KJM DAD P

    vs.

WILLIAM KNIPP,                   FINDINGS AND RECOMMENDATIONS

        Respondent.

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner was granted leave to proceed in forma pauperis by minute order issued by U.S. Magistrate Judge Fernando Olguin.  (Doc. No. 4.)  This action was subsequently transferred from the U.S. District Court for the Central District of California to this court.

        In his habeas petition, petitioner challenges the imposition of a $10,000 restitution fine as part of a judgment entered against him in the Sacramento County Superior Court on April 16, 1999.  Petitioner claims that the sentencing court erred in failing to his ability to pay in imposing that restitution fine. (Doc. No. 1 at 11 & 15.)  Petitioner contends that the restitution fine was imposed based on the assumption that he could pay it from his prison earnings. However, petitioner calculates that given his limited prison earnings, he would not be able to

1

1   approach paying the entire $10,000 restitution fine even if he were to remain incarcerated for his

2   minimum term of 16 years and 8 months and work a prison job for that entire time.  (Id. at 16.)

3   Accordingly, petitioner seeks a modification of the restitution fine imposed in his state court case

4   from $10,000 to $200.  (Id. at 17.)

5              The court is required to examine a petition for federal habeas corpus relief before

6   requiring a response to it.  See Rules 3 & 4, Rules Governing § 2254 Cases.  "If it plainly appears

7   from the petition . . . that the petitioner is not entitled to relief in the district court, the judge must

8   dismiss the petition . . . ."  Rule 4, Rules Governing § 2254 Cases.  Rule 4 "'explicitly allows a

9   district court to dismiss summarily the petition on the merits when no claim for relief is stated.'"

10   O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (quoting Gutierrez v. Griggs, 695 F.2d

11   1195, 1198 (9th Cir. 1983)).

12              Here, the court finds that because petitioner challenges solely the restitution fine

13   aspect of his state court judgment of conviction, this court lacks jurisdiction to consider the

14   pending federal habeas petition.  Bailey v. Hill, 599 F.3d 976, 979-80 (9th Cir. 2010) (concluding

15   that the court lacks jurisdiction over a habeas petition that challenges only a restitution order

16   because the requirement that restitution be paid "is not by ordinary meaning a part of

17   [petitioner's] custody.");  United States v. Kramer, 195 F.3d 1129, 1130 (9th Cir. 1999)

18   (Interpreting 28 U.S.C. § 2255 and finding habeas relief is limited to those "seeking release form

19   custody" and unavailable "to those . . . who challenge only fines or restitution orders.");  see also

20   Bustamanate v. Lopez, No. 1:11-cv-00336-GSA-PC, 2013 WL 632258, at *4 n.2 (E.D. Cal. Feb.

21   20, 2013) ("The Court also notes that the validity of the restitution aspect of Plaintiff's

22   conviction is not cognizable by way of a petition for writ of habeas corpus under 28 U.S.C. §

23   2254, since it does not affect the fact or duration of his sentence.");  Calderon v. Long, No. 1:12-

24   cv-01017-SKO-HC, 2012 WL 3292387 at *2 (E.D. Cal. Aug. 13, 2012) (citing the decision in

25   Bailey and concluding that "liability under a restitution order is not a sufficiently serious restraint

26   on liberty to warrant habeas relief . . . .  Further, the remedy for restitution claims, namely,

1  eliminating or altering a money judgment, has no direct impact upon, and is not directed at the

2  source of the restraint upon, the petitioner's liberty.  Instead, it would affect only the fact or

3  amount of the restitution that has to be paid.").

4       Accordingly, IT IS HEREBY RECOMMENDED that this action be summarily

5  dismissed because it plainly appears from the face of the petition that petitioner is not entitled to

6  federal habeas relief pursuant to 28 U.S.C. § 2254.

7       These findings and recommendations are submitted to the United States District

8  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

9  days after being served with these findings and recommendations, petitioner may file written

10 objections with the court.  Such a document should be captioned "Objections to Magistrate

11 Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections

12 within the specified time may waive the right to appeal the District Court's order.  Martinez v.

13 Ylst, 951 F.2d 1153 (9th Cir. 1991).

14      In any objections he elects to file, petitioner shall address whether a certificate of

15 appealability should issue in the event he files an appeal of the judgment in this case.  See Rule

16 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a

17 certificate of appealability when it enters a final order adverse to the applicant)

18 DATED: March 12, 2013.

20             _Dale A. Drozd_

21             DALE A. DROZD

             UNITED STATES MAGISTRATE JUDGE

22 DAD:4
reed827.summdism